UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:16 CR 64 |
| | ) | |
| FRED WITMER | ) | |

## OPINION and ORDER

On October 12, 2016, Defendant Fred Witmer entered a plea of guilty, under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to Counts 1 and 2 of the Information (wire fraud and conspiracy). (DE ## 3, 11.) The court accepted the plea on October 28, 2016. (DE # 15.) Eight days prior, on October 20, 2016, Mr. Witmer's wife, Monica, was diagnosed with stage 3 colon cancer. (DE # 23.) Based on this diagnosis and additional developments in Monica Witmer's treatment, Mr. Witmer filed a motion to withdraw his plea of guilty. (*Id.*)

Federal Rule of Criminal Procedure 11(d)(2)(B) states that a "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . defendant can show a fair and just reason for requesting the withdrawal." However, the rule "is not a free-swinging backdoor." *United States v. Hodges,* 259 F.3d 655, 661 (7th Cir. 2001). The Seventh Circuit has recognized several fair and just reasons for withdrawing a guilty plea, including: (1) the plea was not made voluntarily and knowingly, (2) actual innocence, and (3) legal innocence. *United Stated v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010).

Mr. Witmer does not assert that he is innocent or that the plea colloquy was inadequate. (*See* DE # 23.) "When a proper Rule 11 colloquy has taken place, a guilty plea enjoys a presumption of verity and the 'fair and just' Rule 11(d)(2)(B) escape hatch is narrow." *Mays*, 593 F.3d at 607. "A defendant's burden of showing the existence of a fair and just reason is heavy in such circumstances." *Id*.

Mr. Witmer has not met his heavy burden in this case. He simply argues that his wife's health should be taken into account in his sentencing, and that is not possible under the terms of his Rule 11(c)(1)(C) plea. (DE # 23.) Although Monica Witmer's illness is unfortunate, it has no bearing on the plea, the charging instrument, or her husband's guilt. Nor does Mr. Witmer point to any case suggesting that an illness such as this presents an issue of justice and fairness as it relates to the withdrawal of a plea agreement.

For the foregoing reasons, defendant's Motion to Withdraw Guilty Plea (DE # 23) is **DENIED**.

                                                        **SO ORDERED.**

Date: March 1, 2017

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT